**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**ROSEMARIE TOUSSAINT,**


**Plaintiff,**

      **v.**

**HOWARD UNIVERSITY,**



**Defendant.**

---

**Civil Action No.  03-1395 (JDB)**

**MEMORANDUM OPINION**

The facts of this employment discrimination action filed by Dr. Rosemarie Toussaint ("plaintiff") against Howard University ("defendant") are set forth fully in the Court's June 20, 2005 Memorandum Opinion.  See Toussaint v. Howard Univ., Civil Action No. 03-1395 at 2-3 (D.D.C. June 20, 2005) (memorandum opinion) ("Toussaint Mem. Op.").  The Court will only briefly review those facts here.

Plaintiff is a doctor and professor formerly employed by Howard University.  Toussaint Mem. Op. at 2.  Plaintiff alleges unlawful discrimination on the basis of her gender and disability, as well as unlawful retaliation, in violation of the following statutes:  District of Columbia Human Rights Act, D.C. CODE ANN. §§ 2-1401.01 et seq. ("DCHRA"), Title VII of

the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the Americans with

Disabilities Act, 42 U.S.C. §§ 1201 et seq. ("ADA").  In this litigation, plaintiff originally sought

monetary remedies as well as the following forms of declaratory and injunctive relief:  tenure,

remedial medical training, reinstatement, sensitivity training for defendant, and an injunction

against further discrimination and retaliation.  See Pl.'s Mem. Opp'n to Mot. Reconsider at 8.

        After plaintiff commenced her action, she filed for bankruptcy.  Toussaint Mem. Op. at 2-

3.  On June 20, 2005, the Court granted in part a motion to substitute the trustee of plaintiff's

bankruptcy estate, Roger Schlossberg ("plaintiff's trustee"), as the real party in interest for this

litigation under Fed. R. Civ. P. 17.   See Toussaint Mem. Op. at 10.  Pursuant to that order, the

Court substituted plaintiff's trustee for plaintiff with respect to the monetary remedies sought, but

permitted plaintiff to remain in the litigation and pursue injunctive and declaratory relief.  Id.

Both defendant and plaintiff's trustee have asked the Court to reconsider that June 20, 2005 order

and to substitute plaintiff's trustee for plaintiff with respect to all relief sought.  For the reasons

addressed below, and based on the additional arguments now presented, the Court will grant

those motions.

## LEGAL STANDARD

        There is no Federal Rule of Civil Procedure that expressly addresses or mentions motions

for reconsideration.  Lance v. United Mine Workers for Am. Pension Trust, 2005 WL 2766073 at

*2 (D.D.C. 2005).  Courts typically treat motions to reconsider as motions to clarify, alter or

amend judgment under Fed. R. Civ. P. 59(e).  Id. (citing Piper v. DOJ, 312 F. Supp. 2d 17, 20

(D.D.C. 2004)).  A court may grant a Rule 59(e) motion if:  (1) there has been "an intervening

change in controlling law"; (2) new evidence has become available; or (3) there is a need to

"correct clear error or prevent manifest injustice."  Ciralsky v. Cent. Intelligence Agency, 355

F.3d 551, 671 (D.C. Cir. 2004); see also Lance, 2005 WL 2766023 at *2 (citing Piper, 312 F.

Supp. 2d at 21).  A Rule 59(e) motion is "'not simply an opportunity to reargue facts and theories

upon which a court has already ruled.'"  Cooper v. Dep't of Justice, 2005 WL 670296 at *2

(D.D.C. 2005) (unreported disposition) (citing New York v. United States, 880 F. Supp. 37, 38

(D.D.C. 1995)).  Nor is such a motion to be used as "a vehicle for presenting theories or

arguments that could have been advanced earlier."  Kattan v. District of Columbia, 995 F.2d 274,

276 (D.C. Cir. 1993).  Although the alteration of a previously entered order is a rare remedy,

Cooper, 2005 WL 670296 at *2, a district court has "considerable discretion" when it considers a

Rule 59(e) motion, Cooper, 2005 WL 670296 at *2; see also Lance, 2005 WL2766023 at *2.

## ANALYSIS

Under 11 U.S.C. § 541(a), a bankrupt debtor's assets become the property of the

bankruptcy estate as soon as the bankruptcy petition is filed, Parker v. Wendy's Int'l, Inc., 365

F.3d 1268, 1272 (11th Cir. 2004); see Wieburg v. GTE Southwest Inc., 272 F.3d 302, 306 (5th

Cir. 2001); In re Miller v. Shallowford Cmty. Hosp., 767 F.2d 1556, 1559 (11th Cir. 1985),

unless those assets are specifically exempted by the Bankruptcy Code, see, e.g., In re Newpower,

233 F.3d 922, 934-35 (6th Cir. 2000).  Causes of action are considered assets and are not

exempted; thus, they become the property of the bankruptcy estate under § 541(a) if they pre-date

the bankruptcy petition.  See S. Rep. No. 989, 95th Cong., 2d Sess. 82, reprinted in 1978 U.S.

Code Cong. & Ad. News 5787, 5868; H.R. Rep. No. 595, 95th Cong., 1st Sess. 367, reprinted in

1978 U.S. Code Cong. & Ad. News 5963, 6323; Barger v. City of Cartersville, Ga., 348 F.3d

1289, 1292 (11th Cir. 2003); Browning Mfg. v. Mims, 179 F.3d 197, 207-08 (5th Cir. 1999).

The focus of a Rule 17 "real party in interest" inquiry is whether the party bringing the action is the same party that is legally, as opposed to factually, aggrieved.  See, e.g., Farrell Constr. Co. v. Jefferson Parish, La., 896 F.2d 136, 140 (5th Cir. 1990) (observing that "[t]he real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery").  Once a cause of action becomes the property of the bankruptcy estate, the bankruptcy trustee assumes the status of the real party in interest under Fed. R. Civ. P. 17.  See 11 U.S.C. § 323; Wieburg, 272 F.3d at 306. During the pendency of the bankruptcy proceedings, therefore, a cause of action formerly belonging to the plaintiff-debtor may only be pursued by the bankruptcy trustee, see, e.g., Parker, 365 F.3d at 1272; Barger, 348 F.3d at 1292; Jenkins v. Wright & Ferguson Funeral Home, 215 F.R.D. 518, 521 (S.D. Miss. 2003) (citing Wieburg, 272 F.3d at 306), unless the bankruptcy trustee abandons the cause of action or determines that it is not in the interest of the bankruptcy estate to pursue it, see 11 U.S.C. §§ 554(a)-(d); Parker, 365 F.3d at 1272.  See generally Jonathan M. Hiltz, Killing Two Birds With One Stone -- the Proper (Non)Application of Judicial Estoppel:  Parker v. Wendy's Int'l, Inc., 365 F.3d 1268 (11th Cir. 2004), 30 U. DAYTON L. REV. 401, 407 n.60 (Spring 2004) (citing 11 U.S.C. § 554(a)).

Based on these well-settled principles of bankruptcy law, the Court finds that plaintiff's trustee is the real party in interest as to all relief sought.  To begin with, plaintiff's cause of action for employment discrimination arose before she filed her bankruptcy petition.  See Toussaint, Mem. Op. at 2.  As a non-exempt asset of plaintiff's, the cause of action was thus converted into "property" of the bankruptcy estate under § 541(a) when she filed the bankruptcy petition.  There

is nothing to suggest that the cause of action has since reverted to plaintiff -- the bankruptcy

proceedings are ongoing, and the trustee has never abandoned the cause of action or indicated

that the bankruptcy estate will not pursue it.  To the contrary, plaintiff's trustee has aggressively

sought to be substituted for plaintiff in this litigation.  See Joinder of Bankruptcy Trustee in

Mem. of Howard University in Supp. of Reconsideration of Order of June 20, 2005.  For these

reasons, plaintiff's trustee remains the real party in interest and, as such, is the only party that may

pursue the cause of action and any remedies associated therewith.

The Court now concludes that the nature of the relief that plaintiff seeks does not bear on

this analysis.  Under § 541(a), the focus must be on the cause of action, not the remedy.  If the

cause of action belonging to the bankruptcy estate yields a remedy, that remedy must, by

derivation, constitute property of the bankruptcy estate.  This case is analogous to a hypothetical

situation in which a plaintiff purchases an antique piano and then files for bankruptcy.  If the

bankruptcy estate, as owner of the antique piano, sells the piano to satisfy the plaintiff's debts, it

cannot be doubted that the plaintiff would have no claim to the money obtained from that sale.

Just as the Court could not redirect the funds from the sale of the hypothetical piano to plaintiff,

the Court cannot redirect the injunctive and equitable relief obtained as a result of the bankruptcy

estate's pursuit of its cause of action in this case.  Nothing in the bankruptcy code allows the

Court to carve out portions of an asset that properly belongs to the bankruptcy estate (here, a pre-

bankruptcy cause of action for employment discrimination) and award those portions to plaintiff

based on the way that plaintiff has styled her complaint.  To do so would facilitate circumvention

of the statutory scheme that Congress has established.  Plaintiff is not permitted to manipulate the

system and deprive the bankruptcy estate of the benefits that flow from the estate's management

of its asset.[1]

The cases that plaintiff cites do not counsel to the contrary.  Instead, those cases establish

the rather unremarkable principle that executory service contracts existing before a bankruptcy

petition is filed are excluded from the bankruptcy estate (that is, they cannot constitute property

under § 541(a) and may not be used by the bankruptcy estate to satisfy plaintiff's debts).  See,

e.g., In re Noonan, 17 B.R. 793 (S.D.N.Y. 1982); In re Bofill, 25 B.R. 550, 552 (S.D.N.Y. 1982).

Plaintiff does not have now, and did not have when she filed her bankruptcy petition, a contract

for personal or professional services.  Instead, plaintiff seeks injunctive and equitable relief as

remedies obtained through a cause of action that belongs to the bankruptcy estate.  Although

plaintiff owned her cause of action before she filed the bankruptcy petition, she surrendered that

cause of action -- and everything that the cause of action may produce -- to the bankruptcy estate

when she filed the bankruptcy petition.  As the product of an asset that belongs to the bankruptcy

estate, the injunctive and equitable relief must also be the property of the bankruptcy estate.

Plaintiff's heavy reliance on Barger, 348 F.3d 1289, and Burnes v. Pemco Aeroplex, Inc.,

291 F.3d 1282 (11th Cir. 2002), is misplaced, and has contributed to the Court's earlier error.  To

begin with, plaintiff has failed to note that the viability of both cases is, at best, uncertain.  See

Parker, 365 F.3d at 1272 (calling into question the application of judicial estoppel in Burnes); In

re Upshur, 317 B.R. 446, 453 (N.D. Cal. 2004) (observing that Parker casts serious doubt on

---

[1]To be sure, the bankruptcy estate cannot require plaintiff to work for defendant if the
Court ultimately awards plaintiff's trustee the injunctive and equitable relief that plaintiff seeks.
See In re Noonan, 17 B.R. 793, 798-99 (S.D.N.Y. 1982).  But the bankruptcy estate can certainly
prevent plaintiff from benefitting from that relief, and, as owner of the cause of action, the
bankruptcy estate may seek to transform that relief into a tangible benefit that will assist in
satisfying plaintiff's debts.

Burnes, and therefore also on Barger); Moore v. Colvin, 312 B.R. 902, 910-11 (N.D. Ala. 2004)

(noting that the Eleventh Circuit "failed to consider" important principles of bankruptcy law in its

Barger analysis and supporting Parker as the proper legal framework). But even if Burnes and

Barger remain good law, they are not pertinent here. Those cases concerned judicial estoppel,

which is an equitable legal construct that examines whether a court should impute to a plaintiff

an improper motive and an intent to deceive the bankruptcy estate if the plaintiff has failed to

disclose a pre-existing cause of action as an asset on the bankruptcy petition. See Burnes, 291

F.3d at 1286-87. Neither case even remotely addressed whether the plaintiff-debtor, as opposed

to the bankruptcy trustee, was the proper party to pursue the causes of action. Burnes and Barger

simply establish that if the injunctive and equitable relief sought has no monetary value to the

bankruptcy estate, then the application of judicial estoppel with respect to such pre-petition

claims is not appropriate. See Barger, 348 F.3d at 1296; Burnes, 291 F.3d at 1289.

The principle of law articulated in Burnes and Barger is not relevant to this case. Plaintiff

latches onto those decisions because she claims that they establish a rule that injunctive and

equitable relief, particularly reinstatement, are worthless to the bankruptcy estate and therefore

are per se excluded from the bankruptcy estate. See Pl.'s Mem. Opp'n to Mot. Reconsider at 6-7.

That is a mischaracterization.[2] Moreover, there are critical differences between Burnes and

Barger, on the one hand, and this case, on the other. Most notably, the bankruptcy trustees in

Burnes and Barger did not seek to assert the bankruptcy estate's rightful ownership over the

---

[2]Barger did summarily proclaim, without support, that reinstatement has no monetary value to the bankruptcy estate, see 348 F.3d at 1296, but the Court is unaware of any case in which a court relied on this statement to exclude claims for equitable relief from the bankruptcy estate.

causes of action, while plaintiff's trustee has several times asserted the rights of the bankruptcy

estate over the entire employment discrimination action.  Presumably, if the bankruptcy trustees

in Burnes and Barger had sought to assert the bankruptcy estate's ownership over those causes of

action, then the plaintiff-debtors would not have been able to pursue those causes of action.  See

Parker, 365 F.3d at 1273 (allowing bankruptcy trustee to reopen a pre-existing case following a

no-asset discharge because the plaintiff-debtor had failed to disclose a cause of action for

discrimination as an asset).

The Court's decision is also consistent with notions of judicial efficiency.  Allowing both

plaintiff and plaintiff's trustee to prosecute a single cause of action, based solely on the fact that

several different types of relief are sought, would be impractical.  Plaintiff's interests will be

adequately represented by plaintiff's trustee, and the Court can conceive of no difference in the

way this cause of action will be pursued if plaintiff's trustee seeks injunctive and equitable relief

in addition to monetary relief.  If only a single party pursues this cause of action, then discovery

will be streamlined, any hearing or trial will not be unduly lengthened, and costs will be lower.

The Court's decision does not contravene the policies that underlie the antidiscrimination

statutes.  If plaintiff's trustee does not fairly represent plaintiff's interests, then plaintiff may resort

to the procedural tools available in the bankruptcy proceeding as a means of ensuring that her

civil rights are vindicated.  See Fed. R. Bankr. P. 9019 (providing that "[n]otice [of a settlement]

shall be given to creditors, the United States trustee, the debtor, and indenture trustees as

provided in Rule 2002 and to any other entity as the court may direct"); In re RFE Indus., Inc. v.

Gibbons, 283 F.3d 159, 163-64 (3d Cir. 2002) (finding that under Fed. R. Bankr. P. 9019, debtor

may object to a proposed settlement, particularly if the "debtor is the party most clearly adversely

affected by the [s]ettlement").  For "[t]he property rights of the debtor are actually held in trust,

where they may be administered to creditors and/or re-vested with the debtor after the bankruptcy

proceeding."  Hiltz, supra, at 407 n.59 (citing 11 U.S.C. § 726).

## CONCLUSION

This cause of action for employment discrimination arose before plaintiff filed her

bankruptcy petition.  Under 11 U.S.C. § 541(a), the cause of action thus constitutes "property" of

the bankruptcy estate.  As a result, plaintiff's trustee is the real party in interest under Fed. R. Civ.

P. 17, and, under the facts of this case, only plaintiff's trustee may pursue the entire cause of

action, regardless of the nature of the relief sought.  Accordingly, the Court will grant the

motions to reconsider filed by defendant and plaintiff's trustee, and will substitute plaintiff's

trustee for plaintiff in full.  A separate order amending the Court's prior order of June 20, 2005

will be filed today.


                                          /s/  John D. Bates
                                          JOHN D. BATES
                                       United States District Judge


        Dated:    November 8, 2005

Copies to:
Irving Kator
KATOR, PARKS & WEISER, PLLC
1020 19th Street, NW
Suite 350
Washington, DC 20036
(202) 898-4800
Fax : (202) 289-1389
Email: ikator@katorparks.com

Robert Mark Bruskin

WASHINGTON LAWYERS' COMMITTEE
11 Dupont Circle, NW
Washington, DC 20036-2402
(202) 319-1000
Email: bob_bruskin@washlaw.org

Susan E. Huhta
Robert Mark Bruskin
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, NW
Suite 400
Washington, DC 20036
(202) 319-1000
Fax: (202) 319-1010
Email: sue_huhta@washlaw.org
        *Counsel for plaintiff*

Timothy McCormack
Alison Elizabeth Goldenberg
Gordon, Feinblatt, Rothman, LLC
The Garrett Building
233 East Redwood Street
Baltimore, MD 21202
(410) 576-4000
Fax : (410) 576-4246
Email: tmccormack@gfrlaw.com
        *Counsel for defendant*

Roger Schlossberg
SCHLOSSBERG & KURTYKA
134 West Washington Street
Hagerstown, MD 21740-4227
(301) 739-8610
Email: trustee@schlosslaw.com
        *Plaintiff's trustee in bankruptcy*